# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No. **CV 19-9386-JFW(JPRx)** | Date: December 30, 2019 |

Title: Bruce A. Aronson, et al. -v- FCA US, LLC, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Daisy Rojas** | **None Present** |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 12/2/2019; Docket No. 24];**

**ORDER GRANTING IN PART, DENYING IN PART DEFENDANTS FCA US LLC'S AND SAN FERNANDO MOTOR COMPANY DBA RYDELL CHRYSLER DODGE JEEP RAM ERRONEOUSLY SUED AS RYDELL CHRYSLER DODGE JEEP RAM'S MOTION FOR JUDGMENT ON THE PLEADINGS [filed 12/6/2019; Docket No. 25]**

On December 2, 2019, Plaintiffs Bruce A. Aronson and Secure Tech (collectively, "Plaintiffs") filed a Motion to Remand. On December 16, 2019, Defendants FCA US LLC ("FCA") and San Fernando Motor Company dba Rydell Chrysler Dodge Jeep Ram ("Rydell") (collectively, "Defendants") filed their Opposition. On December 23, 2019, Plaintiffs filed a Reply.

On December 6, 2019, Defendants filed a Motion for Judgment on the Pleadings. On December 16, 2019, Plaintiffs filed their Opposition, and on December 17, 2019, filed a Notice of Errata with a corrected Opposition. On December 23, 2019, Defendants filed a Reply.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for January 6, 2020 is hereby vacated and the matters taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 18, 2019, Plaintiffs purchased a 2015 Ram 2500 ProMaster Cargo Van (the "Subject Vehicle") from Woody's Automotive Group in the State of Missouri.  Complaint ¶ 8; Declaration of Amy Maclear, Exhibit A.  According to the Complaint, "Plaintiff received an express written warranty in which Defendant FCA undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." Complaint at ¶ 9.  "The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiff could deliver the Vehicle for repair services to Defendant's FCA representative and the Vehicle would be repaired." Complaint at ¶ 10. Plaintiffs allege that, during the warranty period, the Subject Vehicle contained or developed defects that substantially impaired the use, value, and safety of the Subject Vehicle. *Id.*  FCA and its representatives in California, including its authorized dealership, Rydell, have allegedly been unable to repair the Subject Vehicle after a reasonable number of repair opportunities.

On September 30, 2019, Plaintiffs filed a Complaint against Defendants in Los Angeles County Superior Court alleging claims for violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.* (First Through Fifth Causes of Action), violation of the Federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.* (Sixth Cause of Action), and for Negligent Repair ("Seventh Cause of Action").  On October 31, 2019, Defendants filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332(a).

## II. MOTION TO REMAND

### A. Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

### B. Discussion

"[T]he Magnuson-Moss Warranty Act creates a federal private cause of action for a warrantor's failure to comply with the terms of a written warranty." *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005). A claim cannot be brought in federal court under MMWA, however, "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3). "Where, as here, it is unclear or ambiguous from the face of a state-court complaint

whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) (quotations and citations omitted).

The Court concludes that Defendants have demonstrated by a preponderance of the evidence that the amount in controversy exceeds $50,000 and, thus, that the Court has subject matter jurisdiction over this action. In the Complaint, Plaintiffs allege "damages in a sum to be proven at trial in an amount that is not less than $25,001.00." Complaint at ¶ 11. Plaintiffs also allege that they are entitled to a civil penalty of two times Plaintiffs' actual damages. Complaint at ¶ 14, Prayer. In light of Plaintiffs' request for civil penalties of two times Plaintiffs' actual damages and the vehicle's purchase price of $34,177.00 (Declaration of Amy Maclear, Exhibit A), the Court concludes that Defendants have demonstrated that the amount in controversy exceeds $50,000. Because the Court has concluded that it has subject matter jurisdiction based on Plaintiffs' MMWA claim for relief, the Court need not reach the question of whether it also has diversity jurisdiction.

Accordingly, Plaintiffs' Motion to Remand is **DENIED**.

## III.  MOTION FOR JUDGMENT ON THE PLEADINGS

### A.  Legal Standard

Federal Rule of Civil Procedure 12(c) governs motions for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is functionally identical to a motion pursuant to Fed. R. Civ. P. 12(b)(6)." *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citing *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Heliotrope General, Inc. v. Ford Motor Co.*, 189 F.3d 971, 979 (9th Cir. 1999) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)). As with motions brought pursuant to Rule 12(b)(6), in addition to assuming the truth of the facts plead, the court must construe all reasonable inferences drawn from those facts in the nonmoving party's favor. *See Lonberg*, 300 F. Supp. 2d at 945*; see also Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

"[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted). "Documents attached to, incorporated by reference in, or integral to the complaint, however, may be properly considered under Rule 12(c) without converting the motion into one for summary judgment." *Voris v. Resurgent Capital Servs., L.P.*, 494 F. Supp. 2d 1156, 1162 (S.D. Cal. 2007). In this case, the Court considers the purchase contract for the Subject Vehicle (without converting the motion to a motion for summary judgment) because the document is integral to Plaintiffs' claims.[1]

---

[1]The Court also notes that Plaintiffs have repeatedly admitted that the Subject Vehicle was purchased outside the State of California. *See* Plaintiff's Memorandum of Points and Authorities

B. Discussion

The Song-Beverly Consumer Warranty Act applies only to goods sold in California. *See* Cal. Civ. Code §§ 1792, 1792.1, 1792.2, 1793.2, 1793.3, and 1793.6; *Cummins v. Superior Court*, 36 Cal..4th 478, 487 (2005). Plaintiffs purchased the Subject Vehicle in Missouri, not California. Accordingly, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings as to each of Plaintiffs' claims alleged pursuant to the California's Song-Beverly Consumer Warranty Act (First through Fifth Causes of Action).

The Court concludes that the remaining issues raised by Defendants are more appropriately resolved on a motion for summary judgment. Accordingly, Defendants' Motion for Judgment on the Pleadings as to Plaintiffs' Sixth and Seventh Causes of Action are **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED**. Defendants' Motion for Judgment on the Pleadings is **GRANTED in part, DENIED in part**. Plaintiffs' First through Fifth Causes of Action are **DISMISSED without leave to amend.**

IT IS SO ORDERED.

---

in Support of Motion to Remand [Docket No. 24-1] at 1-2; Joint Rule 26 Report [Docket 18] at 1; Joint Report Regarding Meet and Confer [Docket No. 23] at 3.